FILED
2012 Jan-03 AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 5:07-CV-477-VEH |
| ) | |
| **ONE PARCEL OF REAL** ) | |
| **PROPERTY LOCATED AT 85** ) | |
| **COUNTY ROAD 364, CRANE** ) | |
| **HILL, ALABAMA, TOGETHER** ) | |
| **WITH ALL IMPROVEMENTS,** ) | |
| **APPURTENANCES, AND** ) | |
| **ATTACHMENTS THERETO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

## I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff United States of America initiated this *in rem* civil forfeiture proceeding pursuant to 18 U.S.C. § 2254(a)(2) on March 14, 2007.  (Doc. 1). Pending before the court is Plaintiff's Motion for Summary Judgment (the "Motion") filed on November 16, 2011, seeking a "judgment in its favor as a matter of law" against "Claimants" with respect to its right of civil forfeiture.  (Doc. 39 at 1, 25).

Subsequent to the filing of Plaintiff's Motion, claimants Larry and Elaine Culver filed a motion to withdraw their verified claim, which the court granted on

y

November 28, 2011. (Docs. 40, 41). The claimants that still remain in the litigation according to the records of the Clerk of the Court are Brian S. Culver ("Culver") and the Cullman County Tax Assessor.[1] Neither Culver nor the Cullman County Tax Assessor have filed any response to the Motion, and as such, it is unopposed.

## II.   BACKGROUND[2]

In November 2003, Hoover (Alabama) Police were called to a residence occupied by Culver, his then-wife S.B., and S.B.'s two minor children, concerning allegations of domestic violence. AF No. 1.[3]  During a subsequent search of the

---

[1] The court notes that while service appears to have been perfected on the Cullman County Tax Assessor on March 23, 2007 (Doc. 2-1), no attorney has ever entered an appearance, much less filed a verified claim, on its behalf.

[2] Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following underlying facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[3] These facts are taken from Plaintiff's Motion (*see generally* Doc. 39 ¶¶ 1-16), as neither Culver nor the Cullman County Tax Assessor has opposed them consistent with the requirements of Appendix II of the court's uniform initial order. (*See* Doc. 8 at 16 ("The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts." (emphasis omitted)); *id.* ("All material

residence in Hoover, police discovered several Polaroid photographs depicting the pelvic area of a nude female. AF No. 2.1. Some of the Polaroid photographs show only the nude female's vagina, while others show male fingers being inserted into the nude female's vagina. AF No. 2.2. The nude female's hands are also visible in the photographs. AF No. 2.3.

During a second subsequent search of the residence in Hoover, police also discovered an 8mm videotape, which showed a nude female's pelvic region, and male fingers being inserted into the nude female's vagina. AF No. 3. The nude female's hands are visible in the photographs and the video. AF No. 4.1. The female appears to be unconscious, because her hands and legs never move. AF No. 4.2. The bed sheets that are visible beneath the nude female in the photographs and the video are blue, with a snow flake and polar bear pattern on them. AF No. 5. The nude female depicted in the Polaroid photographs and the video was Culver's minor stepdaughter. AF No. 7.

On November 13, 2003, Hoover Police conducted a judicially authorized

---

facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (emphasis omitted))). The designation "AF" stands for admitted fact. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 2.2) would indicate the second sentence of paragraph 2 of Plaintiff's statement of facts is the subject of the court's citation to the record.

search of the residence at 85 County Road 364, Crane Hill, Alabama (the "Defendant Real Property"), and seized a set of blue bed sheets, with a snow flake and polar bear pattern on them. AF No. 6. In November 2003, Culver owned the Defendant Real Property in his name alone. AF No. 8.

The bed sheets depicted in the child pornography images were used on a bed at the Defendant Real Property. AF No. 9. The bed sheets depicted in the child pornography images were never used at any other location. AF No. 10.

In March 2004, Culver was indicted in Jefferson County, Alabama, Circuit Court (Bessemer Division). AF No. 11. In November 2005, Culver transferred the title to the Defendant Real Property to his parents, Larry and Elaine Culver. AF No. 12. In August 2006, Culver was convicted in Jefferson County, Alabama, Circuit Court (Bessemer Division) on two counts of possession of child pornography. AF No. 13.

In March 2007, a superseding indictment was issued against Culver in the Northern District of Alabama, charging six counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). AF No. 14. In June 2007, Culver was convicted by a jury in the Northern District of Alabama on five counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). AF No. 15. The Polaroid photographs and the video were produced at the Defendant Real Property. AF No. 16.

### III. STANDARD

#### A. Summary Judgment Generally

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense [or as a plaintiff, it is alleging a claim], it must establish that there is no genuine issue of material fact as to any element of that defense [or claim]." *Int'l Stamp*, 456 F.3d 1270, 1275 (11th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

#### B. Unopposed Motions for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary

6

judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)).  While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Prop.*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")).  The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." (citing *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985))).  However, if the nonmovant has

not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## IV.  ANALYSIS

### A.  Procedurally, Culver and the Cullman County Tax Assessor have failed to respond to Plaintiff's Motion.

Applying the above standards to this case, the court concludes that Plaintiff has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law regarding its statutory right of *in rem* civil forfeiture. Neither Culver nor the Cullman County Tax Assessor has come forward with any evidence in response to Plaintiff's initial showing on summary judgment. Pursuant to the court's summary judgment briefing order entered on May 5, 2007, the deadline for them to file any written opposition to the Motion was December 7, 2011. (Doc. 8 at 13).

Moreover, neither Culver nor the Cullman County Tax Assessor has sought relief to extend the applicable deadline to respond to summary judgment. Therefore, from a procedural standpoint, they have failed to meet their burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

8

**B.     Substantively, Plaintiff's Motion is well-founded and due to be granted.**

Additionally, the evidentiary record demonstrates that summary judgment in favor of Plaintiff is appropriate because it has carried its burden of demonstrating the absence of any material factual dispute and an entitlement to judgment as a matter of law with respect to its right of civil forfeiture against the Defendant Real Property. More specifically, Plaintiff has "show[n] by a preponderance of the evidence that the Defendant Real Property was used or intended to be used to commit or to promote the commission of a child exploitation offense" (Doc. 39 at 8) consistent with the Eleventh Circuit's "facilitation" standard as explained in *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003).

Moreover, neither Culver nor the Cullman County Tax Assessor has asserted any defense (*e.g.*, an innocent owner defense under 18 U.S.C. § 983(d)(1)), much less demonstrated with underlying evidentiary support that such a purported defense applies to prevent Plaintiff from exercising its right of civil forfeiture against the Defendant Real Property. Furthermore, the forfeiture of the Defendant Real Property does not violate the Eighth Amendment (Doc. 39 at 25) and is in accord with the excessive fines framework used by the Eleventh Circuit in the comparable child pornography/civil forfeiture decision of *United States v. 817 N.E. 29th Drive, Wilton*

*Manors*, 175 F.3d 1304 (11th Cir. 1999).  Therefore, under such circumstances, the Motion is due to be granted.

## V.     CONCLUSION

Accordingly, for the reasons explained above, Plaintiff's Motion is due to be granted and judgment is due to be entered in Plaintiff's favor.  The court will enter a separate order.

**DONE** and **ORDERED** this the 3rd day of January, 2012.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge